IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO V.E., | Civil No. 1:26-cv-04215-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| | A# 209-445-769 |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, *et al.*, | |
| Respondents. | |

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Francisco V.E.[1] petitions for a writ of habeas corpus under 28 U.S.C.

§ 2241.  He entered the United States at an unknown place and time before being

arrested by United States Border Patrol agents near Laredo, Texas, on October 12, 2016.

Dkt. No. 5, at pg. 7.  Immigration authorities initially detained Petitioner, but ultimately

released him on his own recognizance.  *Id.* at pgs. 1, 3, 8.  And because an immigration

officer must find that "'such release would not pose a danger to property or persons'

and that the noncitizen is 'likely to appear for any future proceeding'" in order to

release a detainee from ICE custody, that decision "reflect[ed] a determination by the

---

[1]    For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

government" that Petitioner was "not a danger to the community or a flight risk."

*Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (quoting 8 C.F.R.

§ 1236.1(c)(8)).

But on February 8, 2026, Petitioner was taken into immigration custody afresh

"pursuant to a 287G arrest" conducted by local law enforcement officers in Florida.  He

was ultimately transferred into ICE custody and has remained in immigration detention

ever since.  Dkt. No. 5, at pg. 7.  This encounter with law enforcement appears to have

been the result of Petitioner's immigration status rather than separate criminal conduct,

as "[t]he 287(g) program is an ICE program that permits approved local law

enforcement agencies to engage in enforcement of federal immigration laws."  *Juarez v.*

*Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02878, 2026 WL 109685 (E.D. Cal. Apr. 22, 2026)

(citing *Arizona v. United States*, 567 U.S. 387, 408-09 (2012)).

The record does, however, reflect that Petitioner was once arrested for suspected

criminal conduct—a 2022 misdemeanor arrest for driving under the influence and

driving without a valid license.  And one could conceivably imagine immigration

authorities contending that the evidence underlying this arrest might support a finding

that circumstances have changed since 2022 and Petitioner now presents a danger to the

community.  But Respondents do not make that argument.  Indeed, at no point have

immigration authorities pointed to any changed circumstances or offered any

individualized basis for Petitioner's arrest and detention.  Nor have they ever asserted

that Petitioner is now a danger to the community or a flight risk.  And just as the government gave Petitioner no prior opportunity to forestall his arrest and detention, it has given him no procedural opportunity to challenge his detention now that he is in custody.  So Petitioner invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.

Many district judges, both in this district and others, have granted petitions just like this one.  *See, e.g.*, *Maxo Ben G. v. Warden of the Mesa Verde Detention Facility*, No. 1:26-cv-03776-MWJS, 2026 WL 1457554 (E.D. Cal. May 21, 2026); *Kallebe C.F.L. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03651-MWJS, 2026 WL 1374754 (E.D. Cal. May 14, 2026); *A.J.S.M.P. v. Mullin*, No. 1:26-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  The only question in this case, therefore, is whether there is any material distinction from those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders" such as the ones listed above.  Dkt. No. 4.  The court thanks Respondents for their timely response.  Dkt. No. 5.  In it, they maintain their position that Petitioner's arrest

3

and detention was constitutional.  And they further argue that the cases identified by the court in its Order to Show Cause are distinguishable because "with the exception of the petitioner in *A.J.S.M.P. . . .* , Petitioner has a 2022 arrest for DUI."  *Id.* at pg. 3.  But Respondents have offered no explanation—whether at the time of Petitioner's re-detention or in their current briefing—as to why Petitioner's 2022 arrest justifies his re-detention almost four years later, or why pre-deprivation process could not have been provided before his re-detention.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED as to Count One, for the reasons stated in those prior orders.  Respondents are ORDERED to immediately release Petitioner Francisco V.E. (A# 209-445-769) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall

4

be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.  This order resolves all pending motions.

IT IS SO ORDERED.

DATED:  June 8, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-04215-MWJS; *Francisco V.E. v. Warden, California City Correctional Center,* et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS